<u>E X H I B I T</u>

"B"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------X **Docket#**
UNITED STATES OF AMERICA,      : 10-cr-991(JS)(AKT)
                               :
    - versus -                 : U.S. Courthouse
                               : Central Islip, New York
BRIAN SULLIVAN,                :
                Defendant      : July 7, 2011
------------------------------X

TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
BEFORE THE HONORABLE A. KATHLEEN TOMLINSON
UNITED STATES MAGISTRATE JUDGE

A    P    P    E    A    R    A    N    C    E    S:


**For the Government**:          Loretta E. Lynch, Esq.
                                 United States Attorney

                       BY:   **Carrie Capwell, Esq.**
                                 Assistant U.S. Attorney
                                 100 Federal Plaza
                                 Central Islip, NY 11722



**For the Defendant**:          **John Carman, Esq.**




**Transcription Service**:      **Transcriptions Plus II, Inc.**
                                 3859 Tiana Street
                                 Seaford, NY   11783
                                 lafertype@verizon.net


Proceedings recorded by electronic sound-recording,
transcript produced by transcription service

Proceedings                                    2

1          THE CLERK:  Criminal Cause for Guilty Plea,

2    United States of America v. Brian Sullivan, under docket

3    10-cr-911.

4          Counsel, appearances.

5          MS. CAPWELL:  Carrie Capwell for the

6    government.

7          Good afternoon, your Honor.

8          THE COURT:  Good afternoon.

9          MR. CARMAN:  It's John Carman for Mr. Sullivan.

10          Good afternoon, your Honor.

11          THE COURT:  Good afternoon.

12          Now you are Brian Sullivan; is that correct?

13          THE DEFENDANT:  Correct.

14          THE COURT:  Mr. Sullivan, the case has been

15    referred to me this afternoon for the specific purpose of

16    hearing your plea and having you enter your plea.  I have

17    a referral order before me from Judge Seybert stating

18    that I am to conduct the allocution under Rule 11 and to

19    first determine whether the plea is knowingly and

20    voluntarily made and not coerced and secondly to

21    recommend whether the plea of guilty should be accepted

22    and report that back to Judge Seybert.

23          At the bottom of the referral form, there is a

24    consent provision that appears to have been signed by you

25    and your attorney, as well as Assistant United States

3

Proceedings

1  Attorney Capwell, stating that you've had an opportunity
2  to have full consultation with your counsel and that
3  you're voluntarily consenting to have your plea entered
4  here before me.
5          Is that correct?
6          THE DEFENDANT:  That's correct.
7          THE COURT:  And for the record, just so we're
8  all on the same page here, Mr. Sullivan, do you
9  understand that you have an absolute right to have your
10 plea taken in front of Judge Seybert.
11         Do you understand that?
12         THE DEFENDANT:  I understand.
13         THE COURT:  And knowing that at this point, are
14 you nonetheless agreeing to have your plea entered here
15 before me?
16         THE DEFENDANT:  Yes.
17         THE COURT:  Did anybody coerce you in any way
18 or threaten you in any way to get you to agree to have
19 your plea heard here?
20         THE DEFENDANT:  No.
21         THE COURT:  And are you doing so freely and
22 voluntarily?
23         THE DEFENDANT:  Yes.
24         THE COURT:  All right.  Based on the
25 information I have obtained from the defendant, I am

4

Proceedings

1   signing the form as well.

2           Mr. Sullivan, before accepting or recommending

3   actually that your plea be accepted by Judge Seybert,

4   there are a number of questions that I need to ask you in

5   order to assure that this is a valid plea.  If for some

6   reason you do not understand any of my questions, I am

7   going to ask you, if you would please, to either raise

8   your hand or let Mr. Carman know that and I'll try to

9   reword the question in a way that you can answer it.

10          All right?

11          THE DEFENDANT:  Okay.

12          THE COURT:  All right.  Madam clerk, would you

13  please swear in Mr. Sullivan.

14  **B R I A N   S U L L I V A N ,**

15      **called as a witness, having been first duly sworn,**

16      **was examined and testified as follows:**

17          THE COURT:  Mr. Sullivan, do you understand

18  that having been sworn now your answers to my questions

19  will be subject to the penalties of perjury or of making

20  a false statement if you do not answer them truthfully?

21          THE DEFENDANT:  Yes.

22          THE COURT:  What is your full name, please?

23          THE DEFENDANT:  Brian Sullivan.

24          THE COURT:  And how old are you, sir?

25          THE DEFENDANT:  38.

5

Proceedings

1          THE COURT:  Mr. Sullivan, what is the highest

2   level of schooling or education that you've completed?

3          THE DEFENDANT:  GED.

4          THE COURT:  Are you now or have you recently

5   been under the care of a physician or a psychiatrist?

6          THE DEFENDANT:  No.

7          THE COURT:  In the past 24 hours, have you

8   taken any narcotic drugs, medicine or pills or drunk any

9   alcoholic beverage?

10         THE DEFENDANT:  No.

11         THE COURT:  Have you ever been hospitalized or

12  treated for narcotics addiction?

13         THE DEFENDANT:  No.

14         THE COURT:  Is your mind clear as you sit here

15  this afternoon?

16         THE DEFENDANT:  Yes.

17         THE COURT:  And do you understand what is going

18  on in the courtroom?

19         THE DEFENDANT:  Yes.

20         THE COURT:  Mr. Carman, have you had an

21  opportunity to discuss this matter with Mr. Sullivan?

22         MR. CARMAN:  Yes, your Honor.

23         THE COURT:  And to the best of your knowledge,

24  does he understand the rights that he would be waiving

25  by pleading guilty?

6

Proceedings

1          MR. CARMAN:  He does.

2          THE COURT:  And once again, to the best of your

3    knowledge, is he capable of understanding the nature of

4    these proceedings?

5          MR. CARMAN:  I believe he is.

6          THE COURT:  Now Mr. Carman, do you have any

7    doubt as to Mr. Sullivan's competency to plead at this

8    time?

9          MR. CARMAN:  No, your Honor.

10          THE COURT: Mr. Sullivan, you have the right to

11    plead not guilty.

12          Do you understand that?

13          THE DEFENDANT:  Yes.

14          THE COURT: If you plead not guilty, under the

15    Constitution and laws of the United States, you are

16    entitled to a speedy and public trial by a jury with the

17    assistance of counsel on the charges.

18          Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  At the trial, you would be presumed

21    to be innocent and the government would have to overcome

22    that presumption and prove you guilty by competent

23    evidence and beyond a reasonable doubt.  And you would

24    not have to prove that you are innocent.  And if the

25    government failed, the jury would have the duty to find

Transcriptions Plus II, Inc.

7

Proceedings

1 you not guilty.

2          Do you understand that?

3          THE DEFENDANT:  Yes.

4          THE COURT:  In the course of the trial, the

5 witnesses for the government have to come to court and

6 testify in your presence.  And your counsel has the right

7 to cross-examine the witnesses for the government, to

8 object to evidence that's offered by the government and

9 to offer evidence on your behalf.

10          Do you understand that?

11          THE DEFENDANT:  Yes.

12          THE COURT:  At the trial, while you would have

13 the right to testify if you chose to do so, you would not

14 be required to testify.  Under the Constitution of the

15 United States, you cannot be compelled to incriminate

16 yourself.  If you decided not to testify, the Court would

17 instruct the jury that they could not hold that against

18 you.

19          Do you understand that?

20          THE DEFENDANT:  Yes.

21          THE COURT:  If you plead guilty and if I

22 recommend to Judge Seybert that the plea be accepted, you

23 will be giving up your constitutional rights to a trial

24 and the other rights that I have just discussed with you.

25 There will be no further trial of any kind and no right

Transcriptions Plus II, Inc.

Proceedings

8

1   to appeal or collaterally attack or at any time question

2   whether you are guilty or not.  A judgment of guilty will

3   be entered on the basis of your guilty plea and that

4   judgment can never be challenged.  However, you have the

5   right to appeal with respect to the taking of this plea

6   and the sentence.

7            Do you understand that?

8            THE DEFENDANT:  Yes.

9            THE COURT:  If you plead guilty, I will have to

10  ask you questions about what did you did in order to

11  satisfy myself that you are guilty of the charges to

12  which you seek to plead guilty.  And you will have to

13  answer my questions and acknowledge your guilt.

14  Therefore, you will be giving up your right not to

15  incriminate yourself.

16           Do you understand?

17           THE DEFENDANT:  Yes.

18           THE COURT:  Mr. Sullivan, are you willing to

19  give up your right to a trial and the other rights that I

20  have  discussed with you?

21           THE DEFENDANT:  Yes.

22           THE COURT:  I have also been handed up a plea

23  agreement which is now marked that as Court Exhibit 1.

24           And Mr. Sullivan, I want to ask you, aside from

25  this agreement, do you have any agreement with the

Proceedings

9

1  government or anybody else concerning the plea and the

2  sentence?

3         THE DEFENDANT:  No.

4         THE COURT:  My understanding is that

5  Mr. Sullivan intends to plead guilty to a lesser included

6  offense of Count 1 of the superseding indictment.

7         Is that correct?

8         MS. CAPWELL:  Yes, it is.

9         THE COURT:  Ms. Capwell, I will ask you now if

10  you would please on behalf of the government to list

11  whether there is any waiver of appeal or other waiver of

12  rights included in this plea agreement.

13         MS. CAPWELL:  Yes, your Honor.  The defendant

14  has agreed pursuant to the plea agreement to not appeal

15  or challenge in any way his conviction or sentence as

16  long as the sentence imposed by the Court is 33 months or

17  less.  He also agrees to bring no claims under the Hyde

18  Amendment and he also agrees to no further discovery from

19  the government.

20         He also agrees that any other claims, should

21  the defendant breach his agreement, that any other

22  prosecutions against him would be time-barred as of

23  today's date so that the statute of limitations would not

24  continue to run after today's date.

25         THE COURT:  All right.  Thank you.

10

Proceedings

1          Mr. Sullivan, you've just heard the prosecutor

2   outline the waivers that are contained in the plea

3   agreement.

4          Do you hear them?

5          THE DEFENDANT:  Yes.

6          THE COURT:  And did you understand them?

7          MR. CARMAN:  Your Honor, he asked one question

8   of me with regard to the appeal waiver, if I could just

9   clarify that with him.

10         THE COURT:  Yes, go ahead.

11         (Counsel and client confer)

12         MR. CARMAN:  I think we're okay here.

13         THE COURT:  All right.  Let's try that one more

14   time then.  You heard the prosecutor outline the waivers

15   that are contained in the plea agreement; correct?

16         THE DEFENDANT:  Correct.

17         THE COURT:  And you've consented to those

18   waivers; correct?

19         THE DEFENDANT:  Correct.

20         THE COURT:  And in particular, do you

21   understand that if Judge Seybert sentences you to a term

22   of 33 months or less incarceration, you will waive your

23   right effectively to appeal that.

24         Do you understand?

25         THE DEFENDANT:  Yes.

11
Proceedings

1       THE COURT:  Okay.  So now we're looking at the

2  lesser included offense of Count 1 of the superseding

3  indictment and I will ask Ms. Capwell, if you would

4  please, to fill in the elements of the crime that's

5  charged here in Count 1.

6       MS. CAPWELL:  Yes, your Honor.  First, on or

7  about and between March 1, 2010 and November 16, 2010;

8  the second element, within the Eastern District of New

9  York; third element, that the defendant acted knowingly

10  and intentionally; fourth, that he agreed or conspired

11  with others; fifth, to distribute and to possess with

12  intent to distribute marijuana.

13       Because it is a lesser included offense, he

14  does not need to allocute to any particular quantity.

15  He's being permitted to plead guilty to a zero to five

16  count which is under fifty kilograms of marijuana.

17       THE COURT:  All right.  And once again,

18  Mr. Sullivan, you've heard the prosecutor now outline the

19  elements of the crime with which you're charged and to

20  which you have represented that you intend to plead

21  guilty.

22       Did you understand those elements?

23       THE DEFENDANT:  Yes.

24       THE COURT:  And have you have you had an

25  opportunity to speak to your attorney about them?



Transcriptions Plus II, Inc.

12

Proceedings

1            THE DEFENDANT:  Yes.

2            THE COURT:  All right.  Looking to the plea

3  agreement and to the statute that applies here, the

4  lesser included offense of Count 1 under the statute

5  carries a maximum term of imprisonment of five years.

6            Do you understand that?

7            THE DEFENDANT:  Yes.

8            THE COURT:  And the minimum term of

9  imprisonment that Judge Seybert can impose here is zero

10  years.

11            Do you understand that?

12            THE DEFENDANT:  Yes.

13            THE COURT:  And once again, under the statute

14  that applies to this particular count, there is a maximum

15  fine of $250,000.

16            Do you understand that?

17            THE DEFENDANT:  Yes.

18            THE COURT:  And do you also understand that

19  there is a $100 special assessment which is in the form

20  of an administrative fee that you need to pay in the

21  short term.

22            Do you understand that?

23            THE DEFENDANT:  Yes.

24            THE COURT:  And Mr. Sullivan, do you also

25  understand that if Judge Seybert imposes a term of

13

Proceedings

1  incarceration, she must also impose a period of

2  supervised release.  In this instance, the minimum period

3  of supervised release is two years.  The maximum

4  supervised release term is life, to follow any term of

5  imprisonment and if you violated a condition of release,

6  you may be sentenced to up to two years without credit

7  for pre-release imprisonment or time previously served on

8  post-release supervision.

9          I know that's a mouthful, do you understand it?

10          THE DEFENDANT:  Yes.

11          THE COURT:  All right.  Mr. Sullivan, have you

12  had a opportunity to speak with Mr. Carman about the

13  federal sentencing guidelines?

14          THE DEFENDANT:  Yes.

15          THE COURT:  Under a specific Supreme Court

16  decision the federal sentencing guidelines have been

17  determined to be advisory and not mandatory.  In other

18  words, Judge Seybert must consider the federal sentencing

19  guideline range but she is not compelled to sentence you

20  within that range.

21          Do you understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  After considering the federal

24  sentencing guidelines range, Judge Seybert must consider

25  all of the other factors in your case.  For example, she

14

Proceedings

1   has to consider the statutory reasons for sentencing and

2   those include first of all, the nature and circumstances

3   of the offense here and the history and characteristics

4   of you as the defendant.

5          She has to also consider the need for the

6   sentence imposed to reflect the seriousness of the

7   offense, to promote respect for the law and to provide

8   just punishment for the offense.

9          She must also consider the need to afford

10   deterrence as to other criminal conduct and the need to

11   protect the public from further crimes that you might

12   commit.

13          Once Judge Seybert has considered the federal

14   sentencing guidelines range and all of the other factors

15   that I have just discussed with you, she must then

16   ultimately determine a sentence that is reasonable,

17   taking all of those things into account.

18          Do you understand that?

19          THE DEFENDANT:  Yes.

20          THE COURT:  And, Mr. Sullivan, do you

21   understand that any estimate of the guideline range that

22   is provided by the government is not binding on the

23   Court?

24          THE DEFENDANT:  Yes.

25          THE COURT:  And importantly, do you understand,

15

Proceedings

1  Mr. Sullivan, that if the sentence imposed by

2  Judge Seybert is more severe than what you expected, you

3  will nonetheless be bound by your guilty plea and you

4  will not be permitted to withdraw it?

5          THE DEFENDANT:  Yes.

6          THE COURT:  Mr. Sullivan, do you have any

7  questions that you would like to ask me about the charge

8  or your rights or anything else relating to this matter?

9          THE DEFENDANT:  No.

10          THE COURT:  Mr. Sullivan, are you ready to

11  plead?

12          THE DEFENDANT:  Yes.

13          THE COURT:  Mr. Carman, do you know of any

14  legal reason why Mr. Sullivan should not plead guilty?

15          MR. CARMAN:  No, your Honor.

16          THE COURT:  Mr. Sullivan, are you satisfied

17  with your legal representation up until today?

18          THE DEFENDANT:  Yes.

19          THE COURT:  Now Mr. Sullivan, what is your plea

20  to the lesser included offense of Count 1 in the

21  superseding indictment?

22          THE DEFENDANT:  Guilty.

23          THE COURT:  Are you making the plea of guilty

24  voluntarily and of your own free will?

25          THE DEFENDANT:  Yes.

16
                              Proceedings

1          THE COURT:  Has anyone threatened you or forced

2    you to get you to plead guilty?

3          THE DEFENDANT:  No.

4          THE COURT:  Other than the agreement with the

5    government which is the plea agreement that we have

6    marked as Court Exhibit 1, and has been stated on the

7    record, other than that agreement, has anyone made any

8    promises that caused you to plead guilty?

9          THE DEFENDANT:  No.

10         THE COURT:  Has anyone made any promise to you

11   as to what your sentence will be?

12         THE DEFENDANT:  No.

13         THE COURT:  Mr. Sullivan, did you as charged in

14   Count 1 of the superseding indictment on or about and

15   between March 1, 2010 and November 16, 2010, here in the

16   Eastern District of New York, along with others, did you

17   knowingly and intentionally conspire to distribute and

18   possess with intent to distribute a controlled substance;

19   in this instance, marijuana.

20         THE DEFENDANT:  Yes.

21         THE COURT: Mr. Sullivan, I am going to need you

22   now please, if you would, to tell me in your own words

23   what you did in connection with the acts that are charged

24   in Count 1 of the superseding indictment.

25         THE DEFENDANT:  I had an agreement with others

                    Transcriptions Plus II, Inc.

17

Proceedings

1   to conspire to distribute marijuana, pretty much

2   specifically in Suffolk County.

3           THE COURT:  And was that time frame in 2010

4   when this occurred?

5           THE DEFENDANT:  Correct.

6           THE COURT:  And you entered into this agreement

7   freely with the others involved.

8           Is that correct?

9           THE DEFENDANT:  Correct.

10          THE COURT:  And at the time you entered into

11  this agreement, conspiring to distribute and possess with

12  intent to distribute marijuana, did you know you were

13  breaking the law?

14          THE DEFENDANT:  Yes.

15          THE COURT:  All right.

16          Ms. Capwell, is there anything else you need?

17          MS. CAPWELL:  No, your Honor, not in terms of

18  the allocution.  I was just going to put on the record

19  the fact that there is a global plea in this case.

20          THE COURT:  All right.  You may proceed with

21  that.

22          MS. CAPWELL:  Thank you.  So, I just want to

23  make sure that the defendant is aware that paragraph 7 of

24  the plea agreement covers the global plea offer and that

25  the government has promised or agreed that as long as the

18

Proceedings

1  defendants listed in Count 7 enter their guilty pleas by

2  July 13, the government will move the Court for an

3  additional point off under the guidelines.

4        However, if all defendants don't plead guilty

5  by July 13, then the government has the option to not ask

6  the Court for that extra point off.

7        THE COURT:  You heard what the prosecutor just

8  described, Mr. Sullivan.  Yes?

9        THE DEFENDANT:  Yes.

10        THE COURT:  And you understand that unless

11  everyone who is involved in this plea agreement actually

12  pleads guilty, unless that happens, the government's not

13  bound by that additional one credit off so-to-speak, with

14  regard to your guidelines calculation.

15        THE DEFENDANT:  Yes.

16        THE COURT:  Do you understand that?

17        THE DEFENDANT:  Yes.

18        THE COURT:  All right.

19        Ms. Capwell, if you would, on behalf of the

20  government, please outline for the record now if you

21  would, the proof in this case if the case were to proceed

22  to trial.

23        MS. CAPWELL:  Yes, your Honor.  The evidence in

24  this case includes it was a wiretap investigation over

25  many months, so it would include recordings of telephone

Transcriptions Plus II, Inc.

19

Proceedings

1  calls, as well as text messages that were captured

2  involving this defendant and his co-defendants in

3  connection with the distribution of marijuana.  It would

4  also include surveillance of meetings that took place in

5  connection with this conspiracy.  Also, marijuana was

6  seized during this investigation and it was tested by the

7  DEA and confirmed that it was, in fact, marijuana.

8  That's the large basis of the evidence.

9          THE COURT:  All right.  Thank you.

10         Based upon the information that's been given to

11 me by the government, as well as by the defendant

12 Mr. Sullivan and his counsel, I find that Mr. Sullivan is

13 acting voluntarily, that he fully understands his rights

14 and the consequences of his plea and that there is indeed

15 a factual basis for the plea.

16         I, therefore, am recommending to Judge Seybert,

17 that the plea of guilty here to the lesser included

18 offense of Count One of the superseding indictment be

19 accepted.

20         This case is set down for sentencing on October

21 7 at 10:30 a.m. before Judge Seybert.

22         Is there anything further from the government?

23         MS. CAPWELL:  No, thank you very much,

24 your Honor.

25          THE COURT:  Mr. Carman, anything further on

20

Proceedings

1   behalf of Mr. Sullivan?

2        MR. CARMAN:  No, your Honor.  Thank you very

3   much.

4        THE COURT:  All right.  We are concluded then.

5   Thank you, all.

6             (Matter concluded)

7                  -o0o-

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

21

## C E R T I F I C A T E

I, LINDA FERRARA, hereby certify that the foregoing transcript of the said proceedings is a true and accurate transcript from the electronic sound-recording of the proceedings reduced to typewriting in the above-entitled matter.

I FURTHER CERTIFY that I am not a relative or employee or attorney or counsel of any of the parties, nor a relative or employee of such attorney or counsel, or financially interested directly or indirectly in this action.

IN WITNESS WHEREOF, I hereunto set my hand this **22nd** day of **June**, 2012.

*Linda Ferrara*
Linda Ferrara

CET**D 656
Transcriptions Plus II, Inc.