EXHIBIT
"F"

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                                                                                        DECLARATION
          -against-                                                  NO. 12-2221

USA V. CURATOLA ( SULLIVAN)

-------------------------------------------------------------------X

      **JOHN F. CARMAN**, an attorney duly admitted to practice before this Court, hereby declares the following to be true under 28 USC § 1746:

1. I am counsel to appellant, Brian Sullivan, and was appointed pursuant to Criminal Justice Act to represent Mr. Sullivan in connection with the underlying criminal matter in the Eastern District of New York. This declaration is submitted in accordance with *USA v. Gomez-Perez*, 215 F.3d 315 (2nd Cir. 2000) and by Order of this Court.

2. I have reviewed the declaration filed in support of appellee's motion to dismiss defendant-appellant's notice of appeal as barred by the terms of the plea agreement to which his plea was entered. Appellee's declaration is accurate as the facts that it represents to be true and as to the chronology of events.

3. I personally appeared with Appellant at the time the plea was entered. Prior to the appearance, I met with Appellant, who was incarcerated, on several occasions to discuss possible defenses to the indictment that was pending against him. After a proposed plea agreement was extended in writing, I again met with appellant to discuss the advantages and disadvantages of accepting terms of the offer.

4. I found appellant to be thoughtful and intelligent about the circumstances in which he found himself and my conclusion was that his ultimate decision to accept the plea proposal, inclusive of the appeal waiver, was predicated upon a knowing, voluntary and competent decision-making process. *United States v. Ibrahim*, 62 F.3d. 72, 74 ( 2d Cir. 1995).

5. I have considered whether it would be against the appellant's interest to contest the plea and/or the sentence in an appeal. It is my opinion that appellant's sentencing exposure would be dramatically increased were his plea to be vacated. The plea agreement required a plea to one count with a five-year maximum prison sentence. The underlying indictment included counts with more severe sentencing parameters. In my opinion, appellant could not have successfully defended those counts.

6. As to sentencing, if appellant were to be successful and win the right to be re-sentenced, he would risk exposure beyond the 27 months that he received - up to a maximum of 60 months.

7. Finally, I have considered whether there are issues or circumstances that would implicate appellant's constitutional or statutory rights. Based upon my review of the file and my recollections of the events of this case, no such issues, either waiveable or non-waiveable, exist. In my opinion, no non-frivolous issues remain for appeal.

8. I have met with appellant and discussed with him his prior waiver and the reasons why his appeal is barred by the agreement. I will provide him with a copy of the government's motion as well as my declaration in response.

**WHEREFORE**, it is respectfully requested that the Court treat the appellee's motion to dismiss in accordance with the law. If the motion is granted, I respectfully request that the Court relieve me as counsel to appellant.

Dated:   August 1, 2012
         Garden City, New York

                                        _____
                                        JOHN F. CARMAN (JC-7149)
                                        666 Old Country Road
                                        Garden City, New York 11530
                                        (516) 683-3600