# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| BRIAN SULLIVAN )<br>)<br>Petitioner, )<br>)<br>)<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA )<br>)<br>Respondent. ) | CIVIL NO. 14-CV-1777-(JS)<br>CRIMINAL NO. 10-991-(S-1) (JS) |

## AFFIDAVIT

**JOHN F. CARMAN**, as former counsel to petitioner, interposes this affidavit, pursuant to the order of the Court, to address various issues raised by Mr. Sullivan in connection with his motion pursuant to 28 U.S.C. § 2255 to vacate his plea and sentence.

1. I am an attorney licensed to practice law in the State of New York since 1990. I have been admitted in the Eastern and Southern Districts of New York since 1992 and have been a member of the Criminal Justice Act Panel on Long Island since 1994. I have been retained or appointed to handle in excess of 400 federal criminal cases during my career and have tried more that fifty cases to verdict, ten of which were in federal court. I have been admitted *pro hac vice* to represent clients in Connecticut, Georgia, New Jersey, Massachusetts and Virginia.

## PETITIONER'S CLAIM OF INEFFECTIVE ASSISTANCE

### ALLEGATIONS IN CLAIM I

2. In "Claim I" of his petition, Sullivan asserts that I, as counsel, was ineffective as follows: 1) I "failed to investigate and file a suppression hearing motion based on wire-taps that

1

presented pellucid false and intentional non-truths." (Page 2)[1] ; 2) that his plea was invalid "because there was a plea waiver concerning Movant's direct appeal and collateral review process, a non-pending guilty defendant generally can undertake. (Page 4). In footnote #1 on Page 4, Petitioner expounds on this point by stating, "that he accepted a plea without being explained the law in respect to essential elements of the offense" and a "factual basis." Moreover, [Petitioner] "never knew about the newly discovered information concerning the wire-taps..." He states that "but for the misadvice of counsel, he would have persisted in going to trial." : 3) Petitioner also claims the Rule 11 plea allocution was deficient and was not entered "intelligently, knowingly or voluntarily" due to "inept" lawyering. (Page 5); and 4) that counsel failed to "file an objection" to information in the PSR relative to incidents of domestic violence having to do with his child's mother. (Page 9).

    3. As to the first aspect of Claim I, Petitioner does not provide an explanation for this grievance. As to the idea that I did not "investigate and file a suppression hearing motion," that statement makes little sense in the context of what actually occurred. Petitioner and I painstakingly reviewed the wiretap affidavits and the transcripts of the tapes that captured evidence of his complicity in the crime. The decision not to file a wire-tap suppression motion, was grounded in its sheer lack of viability and Petitioner's interest in taking advantage of a "global plea" that generated an extra acceptance point.

    4. As to the second aspect, to the extent that I can decipher the nature of the Petitioner's complaint, Petitioner claims that he did not understand (or that I did not explain) the elements of the offense and/or I never told him about newly discovered evidence. The truth is that Mr.

---

[1]Page references are to petitioner in support of 2255 application.

Sullivan has considerable experience in the criminal justice system. He cannot fairly claim that he was uninitiated in the language and procedure of the process in which he was involved. To the contrary, he was very astute about recognizing where he was vulnerable and where he could apply leverage to alleviate the sentencing consequences of his conduct. As to "newly discovered" evidence, I am still unclear as to what he means.

5. As to part 3 of Claim I, again, the idea that his plea was not knowing, intelligent and voluntary is contradicted by the plea transcript at the Rule 11 hearing, which was examined and discussed in the *Anders* brief and found to be proper by the Second Circuit.

6. Finally, the fourth component of Claim I is that counsel failed to object to language in the PSR that related to Petitioner's prior history of domestic violence with his child's mother. On that issue, Petitioner and I reviewed the PSR together and filed various objections that were addressed at sentencing. There were several objections that we discussed and did not file. As to whether information relative to his prior history of domestic violence could have or should have been stricken from the PSR, I will acknowledge that I did not make that request.

**ALLEGATIONS IN CLAIM III**

7. Petitioner mentions counsel again in Claim III on page 16 where he sates that "it is unclear why [ ] movant's counsel, withheld [a] critical report which is attached to the §2255 application." He goes on to state that but for my failure to "fully investigate these allegations and [my] failure to inform movant about this information, [he] would have gone to trial." Again, I cannot see the value of the "critical report" to which Petitioner refers and cannot imagine that it would have had any bearing on whether or not he would have chosen to acknowledge his guilt.

8. Curiously, while Petitioner states on Page 16 that a "private person privy to this case" and "government's counsel were aware of this report," he does not suggest complicity on my part.

9. I stand ready to answer any questions that the Court might have on this application.

RESPECTFULLY SUBMITTED,

JOHN F. CARMAN, ESQ.
(JC 7149)
666 Old Country Road, Ste, 501
Garden City, New York 11530
(516) 683-3600

Sworn to Before Me
This 2nd Day of June, 2014

NOTARY PUBLIC
MARY ANNE GREENFIELD
Notary Public, State of New York
No. 01GR3762837
Qualified in NASSAU County
Commission Expires July 31, 2017

4