

U.S. Department of Justice

United States Attorney
Eastern District of New York

PSS:SK
F.#2014V00852

271 Cadman Plaza East
Brooklyn, New York 11201

June 30, 2014

By Hand and ECF

The Honorable Joanna Seybert
United States District Judge
Eastern District of New York
290 Federal Plaza
Central Islip, New York 11722

      Re:   Brian Sullivan v. United States
               Civil Docket No. 14-1777 (JS)

Dear Judge Seybert:

      The government respectfully submits this letter in response to Brian Sullivan's pro se petition seeking to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth below, the government respectfully requests that the Court deny the petition without a hearing because it is procedurally barred.

Background

      On February 3, 2011, a grand jury in the Eastern District of New York returned a superseding indictment charging Sullivan with conspiring to distribute marijuana (in violation of 21 U.S.C. § 846) and distributing marijuana (in violation of 21 U.S.C. § 841(a)(1)). See Superseding Indictment, attached hereto as Exhibit A.

      On July 7, 2011, Sullivan pled guilty, pursuant to a plea agreement, to conspiring to distribute marijuana. See Plea Agreement, attached hereto as Exhibit B. Under the agreement, Sullivan expressly agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 33 months or below." Id. ¶ 4.

      Sullivan's guilty plea took place before the Honorable A. Kathleen Tomlinson, United States Magistrate Judge, Eastern District of New York. See Plea Transcript, attached hereto as Exhibit C. At the plea hearing, Judge Tomlinson placed Sullivan under oath and engaged him in a colloquy. Id. at 4.

Judge Tomlinson ensured that Sullivan was competent to plead guilty and understood the plea proceedings:

> THE COURT: Mr. Sullivan, do you understand that having been sworn now your answers to my questions will be subject to the penalties of perjury or of making a false statement if you do not answer them truthfully?
>
> THE DEFENDANT: Yes.
>
> THE COURT: What is your full name, please?
>
> THE DEFENDANT: Brian Sullivan.
>
> THE COURT: And how old are you, sir?
>
> THE DEFENDANT: 38.
>
> THE COURT: Mr. Sullivan, what is the highest level of schooling or education that you've completed?
>
> THE DEFENDANT: GED.
>
> THE COURT: Are you now or have you recently been under the care of a physician or a psychiatrist?
>
> THE DEFENDANT: No.
>
> THE COURT: In the past 24 hours, have you taken any narcotic drugs, medicine or pills or drunk any alcoholic beverage?
>
> THE DEFENDANT: No.
>
> THE COURT: Have you ever been hospitalized or treated for narcotics addiction?
>
> THE DEFENDANT: No.
>
> THE COURT: Is your mind clear as you sit here this afternoon?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And do you understand what is going on in the courtroom?
>
> THE DEFENDANT: Yes.

2

<u>Id.</u> at 4-5.  Judge Tomlinson confirmed Sullivan's competency and understanding of the plea proceedings with his attorney, John Carman, Esq., including that Sullivan understood "the rights that he would be waiving by pleading guilty." <u>Id.</u> at 5-6.

Judge Tomlinson then proceeded to carefully inform Sullivan about the rights that he would be waiving by pleading guilty.  <u>Id.</u> at 6.  Judge Tomlinson specifically informed Sullivan that he would be waiving his right to cross-examine witnesses for the government and object to evidence offered by the government.  <u>Id.</u> at 7.  Judge Tomlinson also informed Sullivan that, at trial, he "would not be required to testify" because "you cannot be compelled to incriminate yourself" and "the Court would instruct the jury that they could not hold that against you." <u>Id.</u>  Judge Tomlinson concluded by noting:

> THE COURT: If you plead guilty and if I recommend to Judge Seybert that the plea be accepted, you will be giving up your constitutional rights to a trial and the other rights that I have just discussed with you.  There will be no further trial of any kind and no right to appeal or collaterally attack or at any time question whether you are guilty or not.  A judgment of guilty will be entered on the basis of your guilty plea and that judgment can never be challenged.  However, you have the right to appeal with respect to the taking of this plea and the sentence.
> Do you understand that?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  If you plead guilty, I will have to ask you questions about what [] you did in order to satisfy myself that you are guilty of the charges to which you seek to plead guilty.  And you will have to answer my questions and acknowledge your guilt.  Therefore, you will be giving up your right not to incriminate yourself.
> Do you understand?
>
> THE DEFENDANT:  Yes.
>
> THE COURT:  Mr. Sullivan, are you willing to give up your right to a trial and the other rights that I have discussed with you?
>
> THE DEFENDANT:  Yes.

<u>Id.</u> at 7-9.  At Judge Tomlinson's request, the government then described on the record the waiver provisions contained in the plea agreement, including the waiver of collateral attacks:

> THE COURT: Ms. Capwell, I will ask you now if you would please on behalf of the government to list whether there is any waiver of appeal or other waiver of rights included in this plea agreement.

3

>MS. CAPWELL: Yes, your Honor. The defendant has agreed pursuant to the plea agreement to not appeal or challenge in any way his conviction or sentence as long as the sentence imposed by the Court is 33 months or less. . . .

Id. at 9. Then, Judge Tomlinson, Sullivan's counsel, and Sullivan himself confirmed that Sullivan understood those provisions. Sullivan specifically confirmed his understanding of the waiver after consulting with his counsel:

>THE COURT: Mr. Sullivan, you've just heard the prosecutor outline the waivers that are contained in the plea agreement.
>       Do you hear them?
>
>THE DEFENDANT: Yes.
>
>THE COURT: And did you understand them?
>
>MR. CARMAN: Your Honor, he asked one question of me with regard to the appeal waiver, if I could just clarify that with him.
>
>THE COURT: Yes, go ahead.
>
>(Counsel and client confer)
>
>MR. CARMAN: I think we're okay here.
>
>THE COURT: All right. Let's try that one more time then. You heard the prosecutor outline the waivers that are contained in the plea agreement; correct?
>
>THE DEFENDANT: Correct.
>
>THE COURT: And you've consented to those waivers; correct?
>
>THE DEFENDANT: Correct.
>
>THE COURT: And in particular, do you understand that if Judge Seybert sentences you to a term of 33 months or less incarceration, you will waive your right effectively to appeal that.
>       Do you understand?
>
>THE DEFENDANT: Yes.

Id. at 10. At Judge Tomlinson's request, the government then described the crime to which Sullivan intended to plead guilty. Sullivan confirmed that he understood the elements of the

4

crime, id. at 11, and that he had had an opportunity to speak to his attorney about them, id. at 11-12. Subsequently, Sullivan pled guilty:

> THE COURT: Mr. Sullivan, are you ready to plead?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Mr. Carman, do you know of any legal reason why Mr. Sullivan should not plead guilty?
>
> MR. CARMAN: No, your Honor.
>
> THE COURT: Mr. Sullivan, are you satisfied with your legal representation up until today?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now Mr. Sullivan, what is your plea to the lesser included offense of Count 1 in the superseding indictment?
>
> THE DEFENDANT: Guilty.
>
> THE COURT: Are you making the plea of guilty voluntarily and of your own free will?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has anyone threatened you or forced you to get you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Other than the agreement with the government which is the plea agreement that we have marked as Court Exhibit 1, and has been stated on the record, other than that agreement, has anyone made any promises that caused you to plead guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Has anyone made any promise to you as to what your sentence will be?
>
> THE DEFENDANT: No.

Id. at 15-16.

5

Sullivan proceeded to provide a factual basis for his guilty plea:

> THE COURT: Mr. Sullivan, I am going to need you now please, if you would, to tell me in your own words what you did in connection with the acts that are charged in Count 1 of the superseding indictment.
>
> THE DEFENDANT: I had an agreement with others to conspire to distribute marijuana, pretty much specifically in Suffolk County.
>
> THE COURT: And was that time frame in 2010 when this occurred?
>
> THE DEFENDANT: Correct.
>
> THE COURT: And you entered into this agreement freely with the others involved. Is that correct?
>
> THE DEFENDANT: Correct.
>
> THE COURT: And at the time you entered into this agreement, conspiring to distribute and possess with intent to distribute marijuana, did you know you were breaking the law?
>
> THE DEFENDANT: Yes.

Id. at 16-17.  The government then proceeded to provide its own proffer of the proof in the case if the case were to proceed to trial:

> MS. CAPWELL:  Yes, your Honor.  The evidence in this case includes it was a wiretap investigation over many months, so it would include recordings of telephone calls, as well as text messages that were captured involving this defendant and his co-defendants in connection with the distribution of marijuana.  It would also include surveillance of meetings that took place in connection with this conspiracy.  Also, marijuana was seized during this investigation and it was tested by the DEA and confirmed that it was, in fact, marijuana.  That's the large basis of the evidence.

Id. at 18-19.  Judge Tomlinson then found that Sullivan was "acting voluntarily, that he fully understands his rights and the consequences of his plea and that there is indeed a factual basis for the plea," and recommended that the Court accept Sullivan's guilty plea. Id. at 19.

On July 13, 2011, the Court accepted Sullivan's guilty plea.  On May 11, 2012, the Court imposed a sentence of 27 months imprisonment (below the agreed-upon 33-month threshold for waiver) and dismissed the remaining count. See Sentencing Transcript at 26-28, attached hereto as Exhibit D.

On May 21, 2012, notwithstanding the plea agreement's express waiver of appellate rights, Sullivan filed a notice of appeal. On June 21, 2013, the Second Circuit dismissed Sullivan's appeal as barred by the waiver of appellate rights contained in Sullivan's plea agreement. See Order, No. 12-2221 (2d Cir. June 21, 2013), attached hereto as Exhibit E.

On March 17, 2014, Sullivan filed this petition. On April 4, 2014, the Court ordered the government to show cause as to why the petition should not be granted.

### Argument

The government respectfully requests that the Court deny Sullivan's petition as barred by the waiver contained in his plea agreement. In his plea agreement, Sullivan agreed "not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a term of imprisonment of 33 months or below." Ex. B, ¶ 4. The Court imposed a term of imprisonment of 27 months. See Judgment, attached hereto as Exhibit F. Thus, the waiver provision applies. It is well-settled that such waivers are enforceable against a collateral attack under § 2255. Garcia Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001).

Sullivan argues that his plea and waiver are invalid because there was no factual basis for his plea, the plea colloquy and allocution encroached upon his Fifth Amendment right against self-incrimination, and the plea resulted from ineffective assistance of counsel. Each of these arguments is meritless.

1. Factual Basis

Sullivan claims that there was no factual basis for his plea. Pet. at 7. He is wrong.

Federal Rule of Criminal Procedure 11(b)(3) provides that "[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea." In applying this rule, the Court need not "weigh evidence to assess whether it is even more likely than not that the defendant is guilty." United States v. Maher, 108 F.3d 1513, 1524 (2d Cir. 1997). Instead, the rule "requires the court to assure itself simply that the conduct to which the defendant admits is in fact an offense under the statutory provisions to which he is pleading guilty." United States v. Garcia, 587 F.3d 509, 514 (2d Cir. 2009) (quoting Maher, 108 F.3d at 1524).

Here, both Sullivan and the government provided a factual basis for the plea. Sullivan stated that he "had an agreement with others to conspire to distribute marijuana, pretty much specifically in Suffolk County," acknowledged that his agreement was in place in 2010, and acknowledged that he had entered into the agreement freely and knowing it was illegal. See Ex. C at 16-17. Sullivan's allocution, alone, provided a sufficient factual basis for the plea. See Chang v. United States, 305 F. Supp. 2d 198, 203 (E.D.N.Y. 2004).

Nevertheless, the government made a proffer of evidence, referencing recordings, text messages, surveillance, and drug seizures, that further established the factual basis for the plea.  See Ex. C at 18-19; United States v. Henriquez, 319 F. App'x 9, 11 (2d Cir. 2009).

  2. Fifth Amendment Privilege

  Sullivan also claims that Judge Tomlinson erroneously advised him that his waiver of his Fifth Amendment right against self-incrimination at the plea hearing effected a waiver at future proceedings, and that such advice is a basis for invalidating the plea.  Pet. at 7.  Again, Sullivan is wrong.

  Judge Tomlinson merely advised Sullivan that, by choosing to plead guilty, he would be giving up his right against self-incrimination in order to "answer my questions and acknowledge your guilt" so that Judge Tomlinson could "satisfy myself that you are guilty of the charges to which you plead guilty."  Ex. C at 8.  Judge Tomlinson did not suggest that Sullivan's waiver of his Fifth Amendment right against self-incrimination extended to his sentencing hearing.  And, in any event, the Court did not require Sullivan's statements at sentencing to find a factual basis for his plea and accept the plea as valid.

  3. Ineffective Assistance

  Sullivan further claims that he "accepted a plea without being explained the law in respect to essential elements of the offense and a 'factual basis,'" and that he never knew about the newly discovered information he discusses in his petition.  Pet. at 4 n.1.  Sullivan's claims are once again belied by the record and are not a basis for a finding of ineffective assistance.

  Sullivan himself confirmed that he understood the elements of the offense prior to pleading guilty and provided the factual basis for the plea.  See Ex. C at 11.  Sullivan also confirmed that he was making his plea knowingly and voluntarily, absent threats and promises, and after having sufficient opportunity to consult with counsel.  See Ex. C at 15-16.[1]

---

[1] For a plea to have been knowing, Sullivan need only to have been advised of the general nature of the crimes and the rights that he was waiving.  Notably, Sullivan does not contest his knowledge of either.  Sullivan is not entitled to disclosure of all information in the possession of the government prior to the entry of a plea. United States v. Ruiz, 536 U.S. 622, 630 (2002) (noting that "the Constitution . . . does not require complete knowledge of the relevant circumstances").  Accordingly, Sullivan should not be permitted to shoehorn a claim pertaining to the merits of his case into an argument that he did not understand the rights that he was waiving or the factual basis for his guilt.  A "counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it quite validly removes the issue of factual guilt from the case. . . . A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt

Conclusion

        For the foregoing reasons, the government respectfully requests that Sullivan's petition be denied as barred by the waiver in his plea agreement. In the event that the Court decides to reach the merits of Sullivan's claims, the government seeks leave to submit further briefing.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:    /s/
        Saritha Komatireddy
        Assistant U.S. Attorney
        (718) 254-6054

Enclosures

cc:    Brian Sullivan (by certified mail)
       60196-053
       FCI-Fort Dix
       P.O. Box 2000
       Fort Dix, New Jersey 44505

       John Carman, Esq. (by email)

---

is validly established." Lugo v. Artus, No. 05 Civ. 1998, 2008 WL 312298, at *3 (S.D.N.Y. Jan. 31, 2008); see, e.g., Tobon v. United States, 132 F. Supp. 2d 164, 168 (S.D.N.Y. 2001) (by "virtue of his plea agreement . . . petitioner has waived all of these non-jurisdictional defenses and cannot raise them now by collateral attack" (internal quotation marks omitted)).